IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Civil Action No. 12-cv-00453-REB-KMT

COUNTRY MUTUAL INSURANCE COMPANY, an Illinois corporation,

    Plaintiff,

v.

ROCKY MOUNTAIN CONSTRUCTION COMPANY, LLC, a Colorado limited liability company,
ANTHONY K. FLORES,
FORTINO FLORES,
DAVID STILES, and
BRENDA STILES, citizens of the State Colorado,

    Defendants/Third-Party Plaintiffs,

v.

JOSHUA HARTMAN, and
BRANDON AVERY,

    Third-Party Defendants.

# ORDER

This matter is before the court on Third-Party Defendants Joshua Hartman and Brandon Avery's "Motion to Strike Third Party Complaint or in the Alternative Motion to Dismiss for Lack of Subject Matter Jurisdiction" (Doc. No 70, filed Nov. 5, 2012 ["Mot. to Strike"]).

Defendants/Third-Party Plaintiffs[1] Rocky Mountain Construction Company, LLC ("RMCC"), Anthony Flores and Fortino Flores (collectively, "Third-Party Plaintiffs") filed their Response on November 20, 2012.  (Doc. No. 73 ["Resp."].)  Third-Party Defendants filed their Reply on December 7, 2012.  (Doc. No. 74 ["Reply"].)  This matter is ripe for review and ruling.

## FACTUAL AND PROCEDURAL BACKGROUND

This lawsuit was commenced as a declaratory action by Plaintiff Country Mutual Insurance Company ("CMI") seeking a declaration of non-coverage under a commercial general liability insurance policy against Defendants, including the Third-Party Plaintiffs, Rocky Mountain Construction Company and its principals.  (*See* Am. Compl., Doc. No. 19, filed May 8, 2012.)  Third-Party Defendants are the insurance agents alleged to have been "affiliated with and related to" CMI who assisted Anthony and Fortino Flores, acting on behalf of RMCC, in procuring the CMI insurance policy.  (Answer to Amended Complaint for Declaratory Judgment and Counter-Claims and Third-Party Claims ["T-PC"], Doc. No. 36 at 12.)  In their T-PC, Third-Party Plaintiffs assert claims for negligence, breach of fiduciary duty, negligent misrepresentation, and negligent failure to warn.  (*Id.* at 21-25.)  There is no indemnity claim contained in the T-PC in the event Plaintiff prevails on its claim of lack of insurance coverage.  Third-Party Defendants seek to strike these claims pursuant to Fed. R. Civ. P. 14(a)(4), arguing that the rule can only be used to implead a third-party who is or may be liable to the defendant

---

[1] David and Brenda Stiles, although defendants in the primary action, do not join in either the counterclaims or third-party claims brought by Rocky Mountain Construction Company, Anthony Flores, and Fortino Flores.

should a plaintiff prevail on its claims. The Third-Party Defendants argue that impleader cannot apply when the underlying claim involves a declaratory judgment action such as CMI is bringing "as there are no damages to pass through to a third party." (Reply at 2.) Alternatively, Third-Party Defendants contend that dismissal of the T-PC is required under Fed. R. Civ. P. 12(b)(1) because this court lacks diversity subject-matter jurisdiction over the third-party claims. (*Id*. at 5-6.) However, "Third Party Defendants do not dispute that supplemental jurisdiction can be used to implead a non-diverse defendant in a proper F.R.C.P. 14(a) claim." (Reply at 5); *Reinhart Oil and Gas, Inc., v. Excel Directional Tech.*, *LLC,* 463 F. Supp. 2d 1240, 1262 (D. Colo. 2006).

## LEGAL STANDARDS

Federal Rule of Civil Procedure 14(a) governs third-party practice in federal court and provides that "[a] defending party may, as third-party plaintiff, serve a summons and complaint on a nonparty who is or may be liable to it for all or part of the claim against it." Fed. R. Civ. P. 14(a)(1). This standard contemplates that a third-party claim is derivative of an original claim in the action. *King Fisher Marine Serv., Inc. v. 21st Phoenix Corp.*, 893 F.2d 1155, 1158 n.1 (10th Cir. 1990). Therefore, a third-party complaint under Rule 14(a) may be asserted only "when the third party's liability is in some way dependent on the outcome of the main claim or when the third party is secondarily liable to the defendant." *Saine v. A.I.A., Inc.*, 582 F. Supp. 1299, 1309 (D. Colo. 1984). Because third-party practice under Rule 14(a) is based on the same core set of facts that animate the primary dispute, a court having subject-matter jurisdiction over the primary dispute also has jurisdiction over the dispute between the defendant/third-party plaintiff

and the third-party defendant.  *See* WRIGHT, ARTHUR R. MILLER & RICHARD L. MARCUS, FEDERAL PRACTICE AND PROCEDURE § 1444 (3d ed. 2010).

"The general purpose of Rule 14 is to settle related matters in one litigation as far as possible and obtain consistent results from identical or similar evidence, thus preventing a duplication of effort for the courts and serving the interests of judicial economy."  *Patten v. Knutzen*, 646 F. Supp. 427, 429 (D. Colo. 1986).  Since Rule 14 aims to reduce the multiplicity of litigation, *U.S. v. Yellow Cab Co.*, 340 U.S. 543, 556 (1951), it should be construed liberally.  *United States v. Acord*, 209 F.2d 709, 712 (10th Cir. 1954); *but see U. S. Fidelity & Guaranty Co. v. Perkins*, 388 F.2d 771, 773 (10th Cir. 1968) ("Rule 14(a) should be liberally construed to accomplish its purpose but it is not a catchall for independent litigation.").

## ANALYSIS

### A.     *Timeliness*

Third-Party Plaintiffs first argue that because the Motion to Strike was brought approximately three months after Third-Party Defendants answered the Third-Party Complaint[2], the motion is untimely.  (Resp. at 2.)  This argument is based on the underlying theory that the time parameters in Fed. R. Civ. P. 12(f) for a motion to strike a pleading should apply to a motion to strike under Fed. R. Civ. P. 14(a)(4).  (*Id.*)  Third-Party Defendants maintain that the time parameters in Fed. R. Civ. P. 12(f) are inapplicable and, because Fed. R. Civ. P. 14(a)(4) contains no explicit time parameters, the Motion to Strike is timely.  (Reply at 2.)

---

[2] The T-PC was filed on May 25, 2012 and Third-Party Defendants filed their Answer on August 8, 2012.  (Doc. Nos. 36, 54.)  The Motion to Strike was filed on November 5, 2012.

4

Under Rule 14(a), "[a]ny party may move to strike the third-party claim, to sever it, or to try it separately." Fed. R. Civ. P. 14(a)(4). While no time limits are explicitly delineated for bringing such a motion under Rule 14(a)(4), "[a]s a matter of sound practice, a challenge to the impleader should be made as promptly as possible–typically prior to filing a third-party answer . . . ." WRIGHT, *supra* at § 1460. The Tenth Circuit has provided no guidance on the applicable standard, and the parties do support their respective interpretations of Rule 14(a)(4) with authority. Since the court finds that the T-PC is properly filed on the merits, it will not address the timeliness of Third-Party Defendants' Motion to Strike.

### B.     *Impleader in a Declaratory Action*

Third-Party Defendants argue they are improperly impleaded under Rule 14(a) because Defendants/Third-Party Plaintiffs assert different claims and seek a form of relief different from that sought by the plaintiff against the Defendants/Third-Party Plaintiffs. Third-Party Defendants argue the claims against them will require adjudication of a different question of law, are surrounding a different set of facts, and, therefore, are improperly joined pursuant to the Rule. (Mot. at 3-5.) Third-Party Plaintiffs contend that impleading an insurance agent in a declaratory action seeking determination of no coverage is now accepted as proper under Rule 14(a), rejecting an older body of law to the contrary.

Cases in this District in the 1970s and 1980s established that impleader could not "be used as a method of bringing into controversy other matters which merely happen[ed] to have some relationship to the original action" without a finding that third parties could be liable to the defendant for any part of a plaintiff's claim against defendant. *De Haas v. Empire Petroleum*

*Co.*, 286 F. Supp. 809, 815 (10th Cir. 1970)(In derivative suit where in the third-party complaint sought indemnification for all damages assessed against the defendants but also separate injunctive and affirmative relief, third party claims for indemnity allowed but those for injunctive and affirmative relief dismissed as barred by Rule 14).  It was not necessary, as one court held, that the claim alleged in the third-party complaint be based on the same theory or on the same contract as the claim involved in the complaint of the original plaintiff, as long as both claims arose out of the same transaction or if the third party's liability was in some way dependent on the outcome of the main claim.  *Id.*  The lack of an indemnity claim in the T-PC herein could be considered fatal if this line of authority were to be strictly applied.

At or near the same time frame, courts in other jurisdictions confronted situations involving declaratory actions brought by insurance companies requesting a finding of no coverage wherein defendants sought to implead the agent who sold them the policy alleging the agent made misrepresentations in obtaining the coverage.  *See, e.g., United of Omaha Life Ins. Co. v. Reed*, 649 F. Supp. 837, 841-42 (D. Kan. 1986).  In *United of Omaha*, the District of Kansas found that it was proper to implead the agent even though the impleaded third-party defendant could never truly be considered secondarily liable to the plaintiff on the declaratory action given the nature of the case.  *Id*.  The Kansas Court recognized that impleader would promote judicial economy in the case because "[a]ny decision about whether the [defendant] was covered by [the plaintiff insurance company's] policy will certainly require evidence concerning the representations made by [the third-party defendant insurance agent] about the policy."  *Id*. at 842.

More recently the Kansas District Court in *National Fire Ins. Co. of Hartford v. National Cable Television Cooperative, Inc.,* Civil Action No. 10-2532-CM, 2011 WL 1430331, at *2 (D. Kan. April 14, 2011), noted a tendency of nationwide court decisions to recognize what the court called "a declaratory judgment action exception" to Rule 14 when insurance agents were impleaded into a declaratory action brought by their employer. (*Id.*) The Kansas court stated that some courts have permitted third-party claims to proceed in declaratory judgment actions, despite a lack of derivative liability, stating, "Rule 14(a) [does] not preclude all third-party actions in which the third-party defendant would not be held liable directly for the judgment of the original defendant." *Id.* (quoting *Old Republic Ins. Co. v. Concast, Inc*., 99 F.R.D. 566, 569 n.1 (S.D.N.Y.1983) (citing *McGee v. United States*, 62 F.R.D. 205, 208–09 (E.D. Pa.1973)). Otherwise, according to these courts, "a strict interpretation of Rule 14(a) makes it impossible for defendants to declaratory judgment actions to maintain a third-party complaint, as the defendant to a declaratory judgment action will never be found liable to the plaintiff." *Id.* (quoting *Hartford Cas. Inc. Co. v. Moore*, No. 08–cv–1350, 2010 WL 323502, at *3 (C.D. Ill. Jan. 20, 2010).

"One of the primary objectives of third-party procedure is to avoid circuity [sic] and multiplicity of actions." *King Fisher Marine Service, Inc*., 893 F.2d at 1155 (citing *Noland Co. v. Graver Tank & Mfg. Co.*, 301 F.2d 43, 49-50 (4th Cir.1962)). Therefore, it is necessary for this court to distinguish between the sets of facts necessary to prove the original declaratory action concerning interpretation of coverage along with the defenses and counterclaims asserted

by the defendants, including the Third Party Plaintiffs, and those necessary to prove the third-party claims concerning procurement of that coverage.

In the Third Party Complaint, the Third Party Plaintiffs describe Hartman and Avery as "agent[s] and/or employee[s] of Country Financial, CC Services, Country Insurance and/or Country Mutual." (T-PC, ¶¶ 28-30.) They allege that Avery was one of RMCC's insurance agents and financial representatives during RMCC's construction of the Stile's home[3] and that during the same time period Fortino and Denise Flores moved their 401(k) investments to Country Financial where Hartman and/or Avery acted as their financial planners. (*Id.*, ¶¶ 31, 36.) Third Party Plaintiffs also allege that Hartman, Avery, Country Financial, Country Insurance and/or Country Mutual were aware that RMCC was an active residential construction general contractor that employed subcontractors when they procured the policies which are the subject of the declaratory claims. (*Id.*, ¶ 37.) Third-Party Plaintiffs also allege that Hartman represented to Denise Flores that RMCC would be covered for the Stiles' claims and that their insurance coverage was effective up to seven years after construction of the Stiles' home. (*Id.*, ¶ 41.)

The T-PC alleges four claims for relief, including Professional Negligence, Breach of Fiduciary Duty, Negligent Misrepresentation, and Negligent Failure to Warn <u>collectively</u> against Country Financial, CC Services, Country Insurance, Hartman and Avery jointly. The same four claims are alleged separately against CMI as counterclaims, along with several unique

---

[3]The defects arising from the construction of the Stiles' home sparked the underlying litigation for which RMCC sought defense coverage from CMI. (Compl., ¶ 8.)

contractual claims and a bad faith insurance claim. Therefore, even though the claims are different from Plaintiff's original declaratory complaint, the claims hardly can be said to be entirely separate and independent. The same questions of law and fact will pervade the trial between the Plaintiff/Counterclaim Defendant and Defendants as will the claims between Defendants/Third-Party Plaintiffs against Third-Party Defendants Avery and Hartman and Counterclaim/Defendant CMI. Certainly judicial economy will be promoted by allowing Rule 14 joinder in this case because, while resolution of the scope of the commercial general liability policy and the bad faith insurance claim involves a different legal analysis than the collective tort claims, the tort claims may inform the contract claims rendering the claims against the Third Party Defendants significantly intertwined with the counterclaims between the Plaintiff and the Defendant/Third Party Plaintiffs.

A timely motion for leave to implead a third party should be freely granted unless doing so "would prejudice the plaintiff, unduly complicate the trial, or would foster an obviously unmeritorious claim." *Falcone v. MarineMax, Inc.*, 659 F. Supp. 2d 394, 401 (E.D.N.Y. 2009). None of those factors is present in this case. There is ample time for any additional needed discovery to be completed under the schedule as it now stands, and trial is not scheduled to begin until October 7, 2013.

The right to implead third parties rests within the sound discretion of the district court. *Id. See also American Intern. Ins. Co. v. Central Sprinkler Co.*, Case No. 09-cv-02098-PAB-KMT, 2010 WL 1413106, at *1 (D.Colo. Mar. 31, 2010). Accordingly, this court finds

impleader is proper under Rule 14(a), and Third-Party Defendants' request to strike the Third-Party Complaint is properly denied.

Because the court finds that joinder is proper, the court need not address the subject matter jurisdictional issue as it has been confessed by Third-Party Defendants now that the court has found the joinder under Rule 14 to be proper.

**WHEREFORE**, for the foregoing reasons, it is

**ORDERED** that Third Party Defendants Joshua Hartman and Brandon Avery's "Motion to Strike Third Party Complaint or in the Alternative Motion to Dismiss for Lack of Subject Matter Jurisdiction" (Doc. No 70) is **DENIED** with respect to the request to strike the Third-Party claims, and **DENIED AS MOOT** with respect to the dismissal request on grounds of lack of subject matter jurisdiction.

Dated this 5th day of February, 2013.

BY THE COURT:

Kathleen M. Tafoya
United States Magistrate Judge