**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No.: 12-CV-00453-REB-KMT

COUNTRY MUTUAL INSURANCE COMPANY, an Illinois corporation

      Plaintiff,

v.

ROCKY MOUNTAIN CONSTRUCTION COMPANY, LLC, a Colorado Limited Liability
Company,

and

ANTHONY J. FLORES,
FORTINO FLORES,
DAVID AND BRENDA STILES

      Defendants / Counter-Claimants / Third-Party Plaintiffs

v.

JOSHUA HARTMAN and BRANDON AVERY,

      Third-Party Defendants.

---

**STIPULATED PROTECTIVE ORDER**

---

Upon a showing of good cause in support of the entry of a protective order to protect the discovery and dissemination of confidential information, IT IS ORDERED that:

1.      Until further order of this Court or by stipulation of parties, all discovery in the above matter shall be subject to this Stipulated Protective Order ("Protective Order").

2.      All material which any party produces or discloses, the contents of which said party wishes subject to this Order, may be designated as "CONFIDENTIAL" by that party and is subject to this Order.

1

3.      In designating information as CONFIDENTIAL, the designating party's attorney is certifying that he or she has reviewed the information and is designating the information as CONFIDENTIAL based upon a good faith belief that the information is otherwise entitled to protection.

4.      CONFIDENTIAL information as used herein shall mean any information disclosed in this proceeding, whether disclosed in a document, in an interrogatory answer, in deposition or other testimony, admissions or other material produced or disclosed by the parties in response to any discovery request made during the course of the proceedings, which refers to, relates to, or arises from: (1) Plaintiff COUNTRY Mutual Insurance Company's confidential, financial, and/or proprietary company information; (2) Defendants Rocky Mountain Construction Company, Fortino Flores, Denise Flores, or Anthony Flores' personal identifying or financial information; (3) confidential settlement agreements entered into in the Underlying Lawsuit, styled *Stiles v. Rocky Mountain Construction Company, LLC, et.al.*, Larimer Country District Court Case No. 10CV949, and (4) information regarding Third Party Defendants Josh Hartman or Brandon Avery's personal identifying or financial information.  CONFIDENTIAL information shall also mean information that any party designates as CONFIDENTIAL irrespective by whom produced, which constitutes proprietary technical information, trade secrets, financial and/or insurance information, operational information, business plans, personnel information, confidential policy documents and other information that is otherwise not publicly known.

5.      All material submitted in these proceedings, either voluntarily or pursuant to an order of the Court, must be clearly marked by the producing party as "CONFIDENTIAL" to be subject to this Order.

6.     In the event that the producing party elects to produce files and records for inspection, and any other party desires to inspect them, no marking need be made by the producing party in advance of initial inspection.  For purposes of the initial inspection, all material produced shall be considered as marked "CONFIDENTIAL."   Thereafter, upon selection of specified documents by the party inspecting the documents, the producing party shall mark copies of the documents it wishes to designate as CONFIDENTIAL at the time the copies are produced to the inspecting party.

7.     With respect to depositions, the parties or any one of them will have the right to request that the depositions be deemed CONFIDENTIAL.  Depositions or portions thereof requested to be designated CONFIDENTIAL shall be so marked and the transcripts thereof so treated.

8.     No information designated as CONFIDENTIAL shall be disclosed to anyone other than parties and persons designated herein and shall be handled in the manner set forth below, and in any event, shall not be used for any purpose other than for the purposes of the above captioned litigation, unless and until such designation is removed either by agreement of counsel for the parties or by an order of the Court.

9.     All material designated CONFIDENTIAL shall, in the absence of written permission from the producing party or an order of the Court, be disclosed by the receiving party to only the following, subject to Paragraph 10 of this Order:

a.     The receiving party and the employees of the parties whose assistance is needed by counsel for the purposes of this litigation;

b.     The receiving party's own counsel and its associates, law clerks, paralegals, secretaries, office personnel and outside clerical services engaged by counsel, such as

3

copying and courier services;

c.     Qualified persons taking testimony involving such information and necessary stenographic and clerical personnel thereof;

d.     The Court, pursuant to Paragraph 12;

e.     Insurers, reinsurers, regulators or auditors of any party, if any;

f.     Subject to Paragraph 10 of this Order, technical experts, consultants and their staff who are consulted by counsel of record; and

g.     Subject to Paragraph 10 of this Order, any other person of whom testimony is to be taken in this proceeding, whether at trial or by deposition, except that such person may only be shown CONFIDENTIAL items during testimony and in preparation therefore.

10.     Material designated CONFIDENTIAL shall not be disclosed to any persons designated in Paragraphs 9.f. or 9.g. unless they have first read this Order and have agreed in writing via Exhibit A to this Order to be bound by the terms hereof, not to disclose any information designated CONFIDENTIAL to anyone other than another person specified in Paragraph 9 who has read this Order and agreed to be bound hereby, and to utilize information designated CONFIDENTIAL solely for the purpose of these proceedings.

11.     All material designated CONFIDENTIAL by any party, and all reproductions and summaries thereof and memoranda relating thereto, shall be retained by the other parties in the custody of counsel of record, except as may be temporarily released to deponents or to experts (*e.g.*, for the purpose of preparing for deposition or trial, for the purpose of reading and signing their depositions or for preparing an expert report).

12.     If a party intends to use any material designated CONFIDENTIAL pursuant to

this Order at trial or hearing or in connection with any Court filing for any purpose, the party's attorneys must:

      a.      Consult with the party who produced the CONFIDENTIAL material prior to such trial, hearing or filing to secure an agreement as to the proper redaction of the CONFIDENTIAL information so as to preserve its confidentiality and file the document with the agreed upon redactions;

      b.      If an agreement as to the redaction of any CONFIDENTIAL information cannot be reached prior to any filing, file the document containing CONFIDENTIAL information as a restricted document with an accompanying motion to restrict access pursuant to District Court of Colorado Local Civil Rule 7.2.

      c.      If an agreement as to the redaction of any CONFIDENTIAL information cannot be reached prior to any trial or hearing, the party may request that the trial or hearing be conducted *in camera*, or such other relief as may be appropriate.

13.      Upon termination of these proceedings, each party which is subject to this Order shall assemble and return to the other parties all items designated CONFIDENTIAL, including all copies of such materials which may have been made, but not including copies containing notes or other attorney's work product, which may have been placed thereon by counsel for the other parties.  All copies containing notes or other attorney's work product shall be destroyed.  Receipt of material returned by a party shall be acknowledged in writing.

14.      A party may object to the designation of particular CONFIDENTIAL information by giving written notice to the party designating the disputed information within thirty (30) days of the designation or of the entry of this Protective Order, whichever is later.  The written notice shall identify the information to which the objection is made.  If the parties cannot resolve the

objection within ten (10) business days after the time the notice is received, it shall be the obligation of the party designating the information as CONFIDENTIAL to file an appropriate motion requesting that the court determine whether the disputed information should be subject to the terms of this Protective Order.  If such a motion is timely filed, the disputed information shall be treated as CONFIDENTIAL under the terms of this Protective Order until the Court rules on the motion.  If the designating party fails to file such a motion within the prescribed time, the disputed information shall lose its designation as CONFIDENTIAL and shall not thereafter be treated as CONFIDENTIAL in accordance with this Protective Order.  In connection with a motion filed under this provision, the party designating the information as CONFIDENTIAL shall bear the burden of establishing that good cause exists for the disputed information to be treated as CONFIDENTIAL.

15.     The inadvertent or unintended disclosure of CONFIDENTIAL information by a party, regardless of whether the information was so designated at the time of disclosure shall not be deemed a waiver, in whole or in part, of a party's claim of confidentiality, either as to the specific information disclosed or as to any other information relating thereto or on the same or related subject matter.   In the event of an inadvertent or unintended disclosure of CONFIDENTIAL information by a party, the party seeking to designate such information as CONFIDENTIAL may give written notice to the party or parties to whom such CONFIDENTIAL information was inadvertently disclosed to advise of its desire to so designate. If the party to whom the CONFIDENTIAL information was inadvertently disclosed agrees to designate the information CONFIDENTIAL, it shall be subject to this Protective Order as if it were originally designated as such upon production and counsel will use best efforts to affix the designation CONFIDENTIAL on all copies of the material and retrieve any copies of materials

disclosed to persons not entitled to see such materials under the terms of this Order.  If the party to whom the CONFIDENTIAL information was inadvertently disclosed objects to the designation, the party seeking to designate such information as CONFIDENTIAL shall file an appropriate motion requested that the court determine whether the disputed information should be subject to the terms of this Protective Order.

16.     If the party wishes to disclose any material designated as CONFIDENTIAL to any persons not enumerated in Paragraph 9, said party may seek written permission from the producing party or, upon motion and contradictory hearing, judicial relief from the provisions of this Order.  Nothing contained herein shall be deemed to alter the rules ordinarily governing a judicial determination regarding whether a Protective Order is warranted.

17.     This Order shall continue in force until dissolved, and as may be modified by the Court as provided herein.

Dated this 16th day of July, 2013.

_____
UNITED STATES MAGISTRATE JUDGE

Stipulated by:

s/Mark Nelson
Mark Nelson, No. 27095
Eric B. Ballou, No. 40163
The Nelson Law Firm, LLC
1740 High Street
Denver, CO 80218
(303) 861-0750
(303) 861-0751 facsimile
mark@nelsonlawfirm.net

s/William J. Kelly III
William J. Kelly III, No. 38749
Chanda M. Feldkamp, No. 44260
Kelly, Stacy & Rita LLC
1401 Seventeenth Street, Suite 925
Denver, Colorado 80202
(720) 236-1800
(720) 236-1799 facsimile
wkelly@kellystacylaw.com

*Attorneys for Defendants David and Brenda
Stiles, Rocky Mountain Construction
Company, LLC, Anthony J. Flores, and
Fortino Flores*

s/John E. Taylor
John E. Taylor, No. 13110
Dickinson, Prud'Homme, Adams
& Ingram, LLP
730 17th Street, Suite 730
Denver, CO 80202
(303) 571-4428
(303) 571-1604 facsimile
jtaylor@dpai-legal.com
*Attorneys for Third Party Defendants Joshua
Hartman and Brandon Avery*

cfeldkamp@kellystacylaw.com
*Attorneys for Plaintiff Country Mutual
Insurance Company*

Exhibit A to Stipulated Protective Order

STATE OF _____          )
                                          )  ss.
COUNTY OF _____              )

      I, _____, being first duly sworn, state that:

      1.     I have received a copy of the Stipulated Protective Order in case of *Country Mutual Insurance Company v. Rocky Mountain Construction Company, LLC, et.al.*, United States District Court for the District of Colorado case number 1:12-CV-00453-REB-KMT.

      2.     I understand that I can be held in contempt of court for violating the terms of the Stipulated Protective Order and I submit to the jurisdiction of the United States District Court for the District of Colorado for purposes of enforcement of the Stipulated Protective Order.

      3.     I have carefully read and understand the provisions of the Stipulated Protective Order, and I will comply with all of its provisions.

_____

Subscribed and sworn to before me this _____ day of _____, 20___.

_____

Notary Public, _____ County, State of _____

*[seal]*